UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: EMIABATA,
    *Appellant.*

No. 3:22-cv-1013 (OAW)

**ORDER DENYING MOTION TO AMEND THE JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Self-represented plaintiff, Sylvia Emiabata, brought this action as an appeal from Bankruptcy Court. ECF No. 1; *In re: Emiabata*, 642 B.R. 481 (Bankr. D. Conn. 2022). On August 11, 2023, the court dismissed the case for Plaintiff's failure to timely file her appellate brief after being granted multiple extensions of time within which to do so. ECF No. 24. Accordingly, the case was closed on that date.

On August 29, 2023, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure Rule 59(e). ECF No. 26. "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The court "for good cause" may extend the time for a party to act "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The district court has the discretion to determine whether such excusable neglect is present in each case. *See Gladstone Ford v. N.Y. City Transit Auth.*, 43 Fed.Appx. 445, 449 (2d Cir.

1

2002) (upholding the district court's denial of leave to file a reply because the movant did not have a sufficient excuse for his failure to request an extension); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (upholding the district court's rejection of a late filing). In assessing excusable neglect, courts consider: "(1) the danger of prejudice to the [other party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Falls v. Novartis Pharms. Corp.*, No. 3:13-CV-270 JBA, 2014 WL 3810246, at *2 (Aug. 1, 2014) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

This case comes before the district court as an appeal of a bankruptcy court decision dismissing Plaintiff's Chapter 13 case. ECF No. 1 at 8. The bankruptcy court noted that Plaintiff filed her Chapter 13 case in bad faith, as an effort to stall foreclosure based on a defaulted mortgage from 2002. *In re: Emiabata*, 642 B.R. at 481. That court's decision includes a table tracking over a dozen bankruptcy cases filed by Plaintiff or her spouse, all of which were dismissed. *Id*. at 483. In considering the length of delay, the court not only considers the delay in the present case, but also the strategic practice of delay apparently used by Plaintiff.

Plaintiff was granted two extensions of time in which to file her appellate brief, and was warned that failure to file by the extended deadline would result in dismissal of the case. ECF Nos. 15 and 23. She alleges that she has not received all of the court's orders and thus that she could not comply with them. *See* ECF No. 26, at 4. Plaintiff also states that she mailed the appellant's brief, but that it was never filed. *Id*. at 3. Although Plaintiff blames the delay on the United States Postal Service and the Clerk's

Office, she has provided no evidence for these claims, and the court takes notice of the fact that prior delays have been at Plaintiff's request.  *See id*. at 4-5; ECF Nos. 14 and 21.

Furthermore, there is reason to doubt that Plaintiff resides in Connecticut and that venue is proper in this court.  *See In re: Emiabata*, 642 B.R. at 482.  The residential address provided by Plaintiff is the address of a UPS store, and Plaintiff has failed to file supplemental evidence that she resided in Connecticut at the times relevant to venue.  *Id.*  These details, when taken with the repeated delays and history of bankruptcy filings, suggest that Plaintiff has not acted in good faith.

Having weighed these factors, the court finds that there is no excusable neglect to justify Plaintiff's failure to act.  Plaintiff has filed a timely motion to amend the judgment under Rule 59(e).  *See* Fed. R. Civ. P. 59(e) (motion must be filed within 28 days after judgment).  However, Plaintiff is not entitled to relief under Rule 59 because she has not demonstrated that the court overlooked any legal or factual issue that would have altered its decision.  *See*, *e.g.*, *Tanner v. MTA Long Island R.R.*, No. 22-CV-9831, 2023 WL 2889456, at *1-3 (S.D.N.Y. Apr. 10, 2023) (denying a Rule 59(e) motion where the plaintiff did not demonstrate that the court overlooked any "controlling decisions or factual matters"); *see also Pickering-George v. Gazivoda Mgmt. LLC*, No. 22-CV-10397, 2023 WL 1466634, at *1-2 (S.D.N.Y. Feb. 1, 2023) (denying a Rule 59(e) motion where the plaintiff did not show "that the Court overlooked any controlling decisions or factual matters with respect to dismissal of [the] action").  Accordingly, the motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the judgment (ECF No. 26) is **DENIED.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 15th day of September, 2023.

                                                                                 /s/
                                         OMAR A. WILLIAMS
                                         UNITED STATES DISTRICT JUDGE